UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-25110-DPG

**SAMUEL LEE SMITH, JR.,**

        Plaintiff,

v.

**REYNALDO POVEDO,** *et al.*,

        Defendants.

_____/

**ORDER DISMISSING CASE**

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Samuel Lee Smith Jr., appearing pro se, filed this action on December 27, 2024. [ECF No. 1]. Because Plaintiff seeks to proceed without paying the filing fee, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

**I.    LEGAL STANDARD**

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

II.   DISCUSSION

In his Complaint, Plaintiff asserts a § 1983 claim for harassment and discrimination against the Village of Pinecrest and one of its police officers, Reynaldo Poveda. Plaintiff alleges that he was stalked and harassed by Officer Poveda and other police officers.

Plaintiff's bare bones Complaint does not contain sufficient facts to state a plausible claim. *Donohoe v. Heine*, No. 2:21-CV-439-JES-NPM, 2022 WL 10483616, at *2 (M.D. Fla. Oct. 18, 2022) ("This bare bones allegation is insufficient to state a claim upon which relief can be granted . . . In other words, Plaintiff's two-sentence statement does not provide enough detail to even hypothesize a potential claim."). Plaintiff fails to allege facts regarding how each defendant acted under color of state or local law. *Grimes v. Sabri*, 674 F. App'x 860, 862 (11th Cir. 2016) (affirming dismissal of pro se complaint when it did not allege any plausible facts showing defendants acted under color of state law). Nor does he allege specific facts regarding the officers' conduct or Plaintiff's interaction with them. While Plaintiff alleges that the officers "aggressively tau[n]ted," stalked, and racially profiled him, [ECF No. 1], he does not distinguish each officer's conduct or otherwise provide enough detail to give his allegations context. Further, Plaintiff fails to explain how the Defendants' conduct constitutes a violation of his rights. Without more, Plaintiff fails to allege a plausible claim for deprivation of his civil rights under § 1983. *See Moody v. Miami-Dade Cnty.*, No. 19-CV-24638, 2020 WL 13614264,

2

at *2 (S.D. Fla. July 24, 2020) ("Without alleging a violation of *specific* substantive rights, a § 1983 claim [] fall[s] short of the applicable pleading standard.") (emphasis added).

The Complaint also asserts a § 1983 claim against the Village of Pinecrest without identifying "the municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Id.* Accordingly, the Complaint must be dismissed for failure to state a claim.

This Court previously dismissed an almost-identical complaint filed by the Plaintiff a month earlier. *See Smith v. Povedo,* No. 24-CV-24337-DPG (S.D. Fla. Nov. 6, 2024), [ECF No. 6]. The Court dismissed the complaint without prejudice in hopes that Plaintiff would address the pleading deficiencies identified in its prior order. Plaintiff failed to do so. The Court will allow Plaintiff one <u>final</u> chance to properly allege his claims.

Therefore, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. By January 30, 2025, Plaintiff shall file an amended complaint, under this case number, curing the pleading deficiencies identified by this Order. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of January, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE